1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDACHE STEPTER, | CASE NO. 1:07-cv-01528-OWW-GSA PC |
|                Plaintiff, | FINDING AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 |
|    v. | |
| SGT. CHILDS, et al., | |
|              Defendants. | (Doc. 1) |
| | OBJECTION DUE WITHIN THIRTY DAYS |
| _____/ | |

Plaintiff Jordache Stepter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this action filed on August 30, 2007.  Although Plaintiff filed a form petition for writ of habeas corpus, based on the nature of Plaintiff's claim, the action was construed as one brought pursuant to 42 U.S.C. § 1983 for violation of Plaintiff's civil rights.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1   ///

2   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

3   exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

4   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

5   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

6   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

7   grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  However, "the liberal pleading

8   standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330

9   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

10  of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257

11  (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

12  **II.    Plaintiff's Claim**

13      The events at issue in this action allegedly occurred at Sierra Conservation Center in

14  Jamestown, where Plaintiff was incarcerated at the time.  Plaintiff alleges that Defendants Childs and

15  Gamez sexually harassed, traumatized, assaulted, and discriminated against him.  Plaintiff alleges

16  that as a result of his sexual orientation, Defendant Childs asked Plaintiff if he wanted to "get on"

17  Defendant Gamez's penis, and asked when and where was the last time Plaintiff "sucked a penis."

18  (Doc. 1, Comp., court record pg. 4.)  Plaintiff alleges that Defendant Gamez asked him why he was

19  speaking of Gamez's penis when he was not.  (<u>Id</u>.)  Plaintiff alleges that Defendants asked him more

20  questions and made sexual comments, which made him feel low, depressed, and traumatized.  (<u>Id</u>.)

21      To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

22  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

23  law. <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir. 2006). Verbal harassment or

24  abuse alone is not sufficient to state a constitutional deprivation under section 1983. <u>Oltarzewski</u>

25  <u>v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987).  Defendants' alleged actions did not rise to the level

26  of a constitutional violation, and the Court finds that Plaintiff fails to state a claim under section

27  1983.

28  ///

///

**III.    Conclusion**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The deficiency is not curable by amendment and the Court THEREFORE RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Finding and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 28, 2008**              **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE